Chief Justice Marshall
delivered the opinion of the Court.
Foulks having in February 1844, conveyed a tract of land worth four or five hundred dollars to Jenkins and Dodge upon the recited consideration of friendship and good will and one dollar in hand paid, filed his bill a few months afterwards, in December 1844, claiming that Dodge held the title to one-half of the land in trust for the complainant, and claiming the price for which Dodge had sold said one-half to Jenkins. In Máy 1846, during the pendency of the first bill, he filed a second (afterwards consolidated with the first,) in which he alledged that the deed was obtained by fraud and undue influence on the part of Jenkins, as compensation for legal services rendered and to be rendered by him as the complainants attorney at law, and praying in effect that it might be wholly disregarded, and that he, the complainant, might have the benefit of the subsequent sale made by Jenkins and Dodge and their vendee, yrho together with Vaughan the other vendee to whom he had sold was made a defendant. Several answers and cross bills were filed. And it appearing that Vaughan had not paid any part of the purchase money, the Court on hearing made a decree disposing at once of the whole case, to the effect, that Jenkins and the heirs of Dodge (who had died pending the suit and after answering,) should convey the land to Vaughan, and that he should thereupon pay to Foulks five hundred dollars, the price for which Jenkins had sold the land and bf which Dodge was to have had one-half, which was to be in discharge of so much of the purchase *179 money due from Vaughan to his vendor. And in case of non-payment by Vaughan, a lien upon the land is declared.
The answer of a guardian ad litem., appointed by the Court, before service of process upon iniant heirs, does not bring such heirs properly be fore the Court.
The Chancellor will strictly scru tinize a transaction between at' torney & client, * relieve against uneonscientious bargains made between them.— II is an establish ed ground of equitable interposition.
*179 It is evident from the foregoing statement that such a decree as is above described could not properly be rendered without having the heirs of Dodge to whom his title descended, properly before the Court. And although it is not specifically assigned for error in éither of the cases that these heirs who are all infants were not properly before the Court, it is alleged for error that they were improperly decreed to convey. As their answer by guardian without service of process upon them did not bring them properly before the Court, the decree must be deemed erroneous in this particular. And as it cannot be . reversed on this ground without unsettling all of its provisions, the entire decree must be reversed.
The right of Foulks to have the proceeds of the sale of so much of the land as had been conveyed to Dodge depends upon his title to the land itself under the alleged trust, for the litigation of which the heirs of Dodge were necessary parties. It would therefore be premature now to decide that question. But we remark that although Dodge in his answer denies the trust, he does not pretend that the deed as to him was founded upon any other consideration than that which is stated on its face — but relies upon that consideration though obviously nominal, only as a real and adequate consideration for the land. Under such circumstances it requires very slight evidence to establish the trust. But whether there is enough either direct or circumstantial in this record, we do not for the reason above stated, decide.
The case of Jenkins might perhaps be decided on the record as it stands. But if decided separately, the question as to the extent of the respective interests of Jenkins and Dodge under the deed from Foulks would arise, and for the settlement of that question the heirs of Dodge would seem to be proper parties. And we *180 remark, only with reference to the case of Jenkins, that in addition to the other circumstances relied on, the relation of attorney and client subsisting between him and Foulks at the time of taking the conveyance, which though admitted to have been in consideration of legal services rendered- and to be rendered, makes no reference to such services, but sets up a feigned and nominal consideration, is well calculated to awaken the jealous scrutiny of the Chancellor, and to produce the impression that the transaction was but a device to effectuate an unconscientious bargain for fees, with a client under his influence, as his attorney and counsellor. And to relieve the client under such circumstances is an established ground of equitable interposition. Care should however be taken in such cases to see that the attorney is not deprived of a reasonable compensation for his services, if he has not already received it. And upon the same principle applied to the case of Dodge, if it should appear that services rendered by him and not otherwise compensated, entered into the consideration of the deed, his estate should not even if the tiust is established, be deprived of just compensation out of the fund in question. /
B. Monroe for Dodge’s Adm’r.; Hewitt for Foulks; M. Brown for Jenkins.
The entire decree as applicable to each of the cases is reversed for want of proper parties, and the cases are remanded for further proceedings.